M'KINSTRY <em>against</em> EDWARDS.(c)

A default for not pleading, will be set aside on an affidavit of merits, if the
defendant also shows a satisfactory excuse for not pleading.

ON a motion to set aside the default, and that the defen-
dant have leave to plead, on the sole ground that he had
merits, the plaintiff not having lost a trial.

*Per Curiam.* When a party swears to merits, the court
will strongly incline to let him in, but he must be able to
suggest some excuse for not having pleaded, such, perhaps,
as accident or inadvertence. Here the defendant does not
attempt to give any reason at all, and, therefore, he must take
nothing by his motion.

Rule refused.(d)

(b) See n. (a) to *Haines* v. *Budd, supra,* vol. 1, p. 335.

(c) S. C., C. C. 124.

(d) " Where the default has been regularly entered, also, the court will in
some cases relieve the defendant, and let him in to plead, upon terms. It
was formerly the practice to set aside a regular default, on an affidavit of
merits, only where the defendant could show some excuse for his default ; (1
Dunl. 379, and cases there cited ;) although they do not appear to have been
strict in examining the sufficiency of the excuse ; and in some instances they
have relieved against the attorney's ignorance, or misapprehension of the
practice. 3 Johns. Cas. 92 ; 6 Johns. 129. The rule also, in latter cases,
appears to have been fully settled, that where no trial had been lost, the
court would set aside a default, on an affidavit of merits, 6 Johns. 131 ;
14 Johns. 342, (which cannot be contradicted, 2 Wend. 286,) on payment of
costs of the default, and of resisting the motion, provided the party applied
with due diligence, and upon such other terms, as under the circumstances
of the case, might be proper. 3 Caines, 95 ; 6 Johns. 130. The court, how-
ever, in a recent case, have returned to the old rule, and the practice now ap-
pears to be settled, that a default for not pleading will not be opened, unless
excused. 6 Wend. 517 ; see 1 Hall, 54. As it is wholly discretionary, how-
ever, in the court to do this or not, they will not set aside a regular judgment,

in order to give the defendant an advantage of any nicety of pleading; 2 Str.
1242; or a special plea of questionable matter, designed to draw the plaintiff
to demur; 2 Salk. 518; but this court have, in such a case, refused to impose
as a condition, that the party should not plead the statute of limitations; 10
Wend. 595; though formerly, the practice was otherwise. 2 W. Bl. 35. And
the Common Pleas in England, have refused to set aside a regular judgment,
where it appeared that the defendant had refused to accede to equitable terms
of compromise. 4 Taunt. 885. When the court set aside a regular judg-
ment, it is usually upon the terms of the defendant's paying costs, 1 Salk.
402; see Barnes, 256; pleading issuably *instanter*, 1 Burr. 586; taking short
notice of trial, Barnes, 242, (although this would not extend to a writ of
inquiry; 6 Taunt. 458;) and *giving judgment of the term*, 2 Str. 823, when
necessary; and in some cases also they will order the defendant to bring
the money into court. Barnes, 243. And in a recent case in this court,
it was laid down that on setting aside a default, for want of a plea, on
the ground of merits, if it appear probable that the plaintiff may lose his de-
mand, by reason of the defendant's being in doubtful circumstances, the
court will order the judgment to stand as security, and grant a rule, that
the defendant may plead and go to trial, on payment of costs. 6 Cowen,
390. After the default is opened, the defendant is bound to plead, without
being served with a copy of the declaration. 2 Wend. 628." Grah. Prac.
2d ed. 788, 789.

